09-0917-ag
Chen v. Holder

BIA
Hom, IJ
A099 535 490

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

PRESENT:
            JON O. NEWMAN,
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

ZHONG MIN CHEN,
            *Petitioner,*

            v.                                    09-0917-ag
                                                  NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Micheline Hershey, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioner Zhong Min Chen, a native and citizen of the People's Republic of China, seeks review of a February 10, 2009, order of the BIA, affirming the January 31, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen,* No. A099 535 490 (B.I.A. Feb. 10, 2009), *aff'g* No. A099 535 490 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen alleged past persecution in the People's Republic of China based on his Christian house church activities in

2

August 2004 and his distribution of religious flyers at a public park in October 2005. He testified that, in the 2004 episode, police raided the home church and arrested him after those attending the service with him escaped. He testified that he was beaten, punched, kicked, hit on his back and face, and struck on his head with a chair, a blow that has left a visible scar. He also testified that he was detained for two days without food or water and not allowed to sleep. He went to a doctor and received medicines for his injuries. In the 2005 episode, police interrupted his public distribution of flyers by attempting to arrest him. They choked him by grabbing his throat. He managed to escape by biting the hand of the police officer. He never returned home; his father told him that police had come to the home to arrest him.

Chen also testified that he regularly attends the Church of Grace in New York City, and produced a letter, signed by the Pastor and Minister of the Church, certifying that, according to the Church's registration book, Chen has been attending Sunday Service regularly since September 10, 2006.

The IJ found that Chen was not credible. This finding

3

was stated to be "primarily due to [Chen's] demeanor as witnessed by the court and [Chen's] inability to evoke a timbre of truth in his voice during his testimony." Although demeanor is relevant to an assessment of credibility, the reliance on the lack of a "timbre of truth" in Chen's voice, is too vague to provide support for an adverse credibility finding. Another flaw in the IJ's finding arises from the IJ's faulting Chen because he was both "hesitant" and "quick" in his responses. A further flaw is the IJ's disbelief of Chen because Chen produced a Notarial Birth Certificate, issued in 2006, something the IJ thought was unlikely to have been issued if Chen was being sought as a fugitive. However, this basis for disbelief is speculation in the absence of any indication that the agency issuing the birth certificate would be aware of local police interest in Chen. The IJ declined to give the letter from Church officials "any evidentiary weight" because it was considered "a form like fill-in-the-blanks letter." The fact that leaders of an organization use a form letter, with names and dates filled in on appropriate lines in the letter, to respond to frequent requests for information is not a reasonable basis to disregard entirely the weight of

such a document. Because the IJ's findings were flawed, the IJ could not properly base his adverse credibility determination on the lack of corroborating evidence alone. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000).

The decision of the BIA is also flawed in that it asserts that the IJ "reasonably relied on inconsistencies" although no inconsistency is identified, and none appears in the IJ's opinion.

It is unclear whether the IJ would have made an adverse credibility finding if the flaws we have identified were eliminated and whether the BIA would have upheld even the IJ's flawed credibility determination had it not erroneously believed that the IJ relied on inconsistencies in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005).

Because this Court cannot confidently predict that the agency would reach the same conclusion absent the BIA's mischaracterization of the record and the flaws in the IJ's adverse credibility determination, we find that remand is required. *See Xiao Ji Chen*, 471 F.3d at 339.

For the foregoing reasons, the petition for review is

GRANTED, the BIA's order is VACATED, and the case REMANDED for further proceedings consistent with this Order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk